## Commonwealth v. Shadle et al.

*J. P. Carpenter*, for Commonwealth; *C. K. Morganroth*, for defendants.

LLOYD, J., December 15, 1930.—The defendants were charged with violating section 311 of the Act of May 24, 1923, P. L. 359, known as "The Game Law," which makes it unlawful for any person:

"Except in the defense of person or property, to hunt or chase or to shoot at or kill or pursue with intent to take, kill, or wound any wild birds or wild animals with firearms or with a device of any kind propelling with force a leaden or metal pellet or bullet, or through the use of traps, or with any other device or instrument, or by the use of dogs, without first securing a license and license tag, and wearing such tag and showing and displaying such license as required by the provisions of this article."

The defendants were summarily convicted before a justice of the peace and judgment rendered against each of them for the costs of prosecution and a fine of $20. Thereupon they secured a special allocatur and filed the present appeal.

At a hearing *de novo*, the defendants testified that they were equipped with guns and that they did shoot at some sparrows. The uncontradicted evidence on the part of the Commonwealth abundantly establishes the fact that none of the defendants displayed a license tag at the time. This, without more, is sufficient to sustain the judgment of the justice of the peace.

The section under which the defendants are charged is designed to prohibit the killing of or shooting at wild birds without displaying a license tag. The offense consists not only in shooting at such birds but in the failure to display a license tag. Nor is exemption from the penalties to be granted because sparrows, by the act, are classified as unprotected birds. So are hawks, the owl and the crow. The test is not whether a sparrow is an unprotected bird but whether it is a "wild bird" within the contemplation of the act, which

specifically states that "the term 'wild birds' includes all birds other than domestic birds." It cannot be gainsaid that the sparrow is not a domestic bird, and we, therefore, hold that it is a "wild bird" within the purview of the section under which the defendants are charged.

And now, December 15, 1930, the appeal of the defendants is hereby dismissed and the judgment of the justice of the peace affirmed, and the prothonotary is hereby directed to enter judgment against each of the defendants in accordance with the judgment rendered by the justice of the peace.

An exception is noted and a bill sealed for the defendants.

From C. M. Clement, Sunbury, Pa.